# STATE OF MICHIGAN

# COURT OF APPEALS

In re of A. M. DEAN, Minor.

UNPUBLISHED
November 18, 2014

No.   322071
Isabella Circuit Court
Family Division
LC No.   2012-000174-NA

Before:  OWENS, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Respondent appeals by right from the trial court's order terminating his parental rights to the minor child under MCL 712A.19b(3)(c), (g), (h), and (j).  We affirm.

## I.  FACTS

Respondent was incarcerated when his child was born.  He was released just before the child's first birthday.  Respondent claims he was involved in his child's life for nine to twelve months before he was again arrested for violating his parole.  He has not seen his child since.  In all, respondent has been imprisoned for the vast majority of the child's life.

Respondent's parole violation stems from an argument he had with the child's mother that escalated into a physical altercation.  After the child and her mother left the home, respondent took an unknown amount of Xanax, threw pictures off the walls leaving shattered glass all over the home, threw the belongings of the child's mother into the front yard, and eventually, using his own words, "blacked out for a while."  The next day, while respondent was still extremely intoxicated, the father of one of the child's stepsiblings came to respondent's home to retrieve some of the stepsibling's belongings.  Respondent's daughter was with him. Evidently respondent took his child out of the man's van and brought her back inside the home. At trial, respondent testified that the man "obviously . . . made the wrong decision" and "should have never left . . . a baby in my care."

Respondent's parole officer testified that when she arrived at respondent's home, respondent's child was covered in her own vomit; there was a large butcher knife on the floor; there was an unsecured pill bottle near the floor; there was shattered glass from picture frames all over the floor, and respondent was "definitely under the influence."  A Child Protective Services worker testified that the condition of respondent's home was the worst she had ever seen with respect to the safety and age of the child.  Respondent was sent back to prison.

-1-

Since that incident, respondent has not seen or spoken with his child. Testimony at trial indicates that the child calls her foster mother's partner "daddy." Although it appears respondent is participating in several programs while in prison that could improve his situation, it is unclear if he will be released before June 12, 2016.

The court found that statutory grounds for termination had been established and that terminating respondent's parental rights was in the child's best interests. The court explained that the child "needs permanency," and opined that it would "almost be[] cruel to keep her in the foster care system for a couple more years, hoping [respondent] at some point can be . . . a competent and safe parent."

## II. STATUTORY GROUNDS

In order to terminate parental rights, the trial court must find that at least one of the statutory grounds set forth in MCL 712A.19b(3) has been established by clear and convincing evidence, *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000), and that termination is in the child's best interests, *In re Moss*, 301 Mich App 76, 86, 90; 836 NW2d 182 (2013). We review a trial court's order terminating parental rights for clear error. MCR 3.977(K); *In re Trejo*, 462 Mich at 356-357. "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re Riffe*, 147 Mich App 658, 671; 382 NW2d 842 (1985). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011).

On appeal, respondent argues that the trial court clearly erred in finding that he failed to provide proper care and custody for the minor child and that there is no reasonable expectation that he will be able to provide proper care and custody within a reasonable time considering the child's age. Respondent makes no mention whatsoever of whether the trial court erred in finding that MCL 712A.19b(3)(c) or MCL 712A.19b(3)(j) were satisfied. Because only one statutory ground needs to be shown, and these two grounds are unchallenged, the statutory grounds are established. *In re Trejo*, 462 Mich at 355.

In any event, we are not left a "definite and firm conviction" that the trial court erred in finding that petitioner had demonstrated, by clear and convincing evidence, that all of the referenced statutory grounds were established. *In re Riffe*, 147 Mich App at 671.

## III. BEST INTERESTS

Respondent also challenges the trial court's conclusion that terminating respondent's parental rights was in the child's best interests. Whether terminating parental rights is in the best interests of the child must be proved by a preponderance of the evidence. *In re Moss*, 301 Mich App at 90. All available evidence on a wide variety of factors should be considered. *In re White*, 303 Mich App 701, 713; 846 NW2d 61 (2014). These factors include the existence of a bond between the child and the parent, the parent's ability to parent, the child's need for permanency and stability, the advantages of a foster home over the parent's home, the parent's compliance with his or her service plan, the parent's visitation history with the child, the child's well-being, and the possibility of adoption. *Id.* at 713-714.

Respondent merely asserts that consideration of what is in the child's best interests need not be undertaken because the statutory grounds were not satisfied. He argues that in light of this alleged failure, "it would be premature to find that it is in the best interest of the children to terminate the parental rights of the Respondent Father." As the statutory grounds were established, the predicate of the argument is invalid. Moreover, as the trial court recognized, this child needs permanency. There was testimony at trial indicating that it would be "terribly confusing" for the child to be returned to respondent once he is released from prison and completes (if he does complete) the necessary services. Testimony also indicated that the child has "no bond" with respondent and needs the security that her foster mother has provided.

Accordingly, we are not "left with a definite and firm conviction" that the trial court erred in finding that the termination of respondent's parental rights was in the best interests of the child. *In re Riffe*, 147 Mich App at 671.

We affirm.

/s/ Donald S. Owens
/s/ Jane E. Markey
/s/ Deborah A. Servitto